# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| TIPPECANOE COUNTY RIGHT TO LIFE INC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 4:18-CV-52 JVB |
| GREATER LAFAYETTE PUBLIC TRANSPORTATION CORPORATION, d/b/a CITYBUS | ) ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**A.     Background**

Plaintiff Tippecanoe County Right to Life ("TCRTL") has filed a complaint under 42 U.S.C. § 1983 and a motion for a preliminary injunction against Defendant Greater Lafayette Public Transportation Corporation ("CityBus") alleging that its First Amendment rights were violated because CityBus refused to place what TCRTL views as an educational ad on buses operated by CityBus.

CityBus filed an answer and a motion for judgment on the pleadings. In the motion (DE 27), CityBus argues that the case should be dismissed without prejudice because TCRTL lacks standing. According to CityBus, TCRTL failed to exhaust administrative remedies because it did not appeal the initial decision rejecting the ad to the advertising committee of the CityBus board of directors. Such appeals are permitted by its advertising policy. CityBus also maintains that, because TCRTL did not appeal, the initial decision is not final. After TCRTL correctly pointed out in its response brief that exhaustion of state administrative remedies is not a

prerequisite to bringing an action pursuant to § 1983, CityBus conceded that argument in its reply brief and concentrated on its claim that because the initial decision was not appealed it is not final. Accordingly, the Court will limit its discussion to the finality issue.

**B.****Facts**

CityBus is a government-owned bus company serving Lafayette and West Lafayette, Indiana that sells advertising space on and inside its buses. TCRTL is a non-profit organization that opposes abortion. TCRTL submitted an ad to CityBus consisting of three images that it wanted displayed on the sides of buses. The first image is a photograph of an in vitro fetus and the legend "ME." The next image is a photograph of a fetus at a later stage of development and the words "ME, AGAIN." The final image is a photograph of a newborn child with the words "STILL ME." Below the images are the words "Tippecanoe County Right to Life" and "tcrtl.com."

CityBus, through its general manager Martin Sennett, rejected the ad, giving as the reason that it expressed a political viewpoint in violation of CityBus's advertising policy. The advertising policy also provides:

> Advertisers may appeal the rejection of advertising to the advertising committee of the CityBus board of directors by notifying the General Manager, in writing, of the desire of an appeal. The General Manager and Development Manager will promptly schedule a meeting with the committee and the advertiser to perform a review of the advertising and to hear comments from the advertiser. The committee chair will notify the advertiser, with a copy to the General Manager, of the appeal decision within five days of the date of the meeting.

TCRTL did not appeal the decision, choosing instead to file this suit.

C.  **Discussion**

The disposition of CityBus's motion to dismiss TCRTL's complaint hinges on whether the appeal process is a step in arriving at a final decision, in which case rejection of the ad without appeal would not be a final decision, or an administrative remedy for a decision already made, which need not be pursued before filing a § 1983 action. The Supreme Court explained it this way:

> [T]he finality requirement is concerned with whether the initial decisionmaker has arrived a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

*Williamson County Regional Planning Com'n v. Hamilton Bank*, 473 U.S.172, 193 (1985).

There is no doubt that Sennet's initial decision to reject the ad amounted to a definitive position that inflicted an actual, concrete injury and that CityBus's appeal procedure is an administrative remedy for one aggrieved by such a decision. Thus, TCRTL was not required to resort to that procedure before bringing this § 1983 action. Accordingly, CityBus's motion (DE 27) for judgment on the pleadings dismissing this case is **DENIED**.

SO ORDERED on November 8, 2018.

 s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge